UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
THE TRUSTEES OF THE UNITED TEAMSTER　　　　　　Case No.
FUND and THE TRUSTEES OF THE UNITED
TEAMSTER PENSION FUND "A"
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**COMPLAINT**
　　　　　　　　　　Plaintiffs,　　　　　　　　　　　　　ECF ACTION

　　　　- against -　　　　　　　　　　　　　　　　　　　JURY TRIAL DEMAND

SLF TRANSPORTATION LLC,

　　　　　　　　　　Defendant.
------------------------------------------------------------------------X

　　　　Plaintiffs, the Trustees of the United Teamster Fund (the "Welfare Fund") and the Trustees of the United Teamster Pension Fund "A," (the "Pension Fund") (collectively, the "Funds" or "Plaintiffs") by their attorneys, Dealy Silberstein & Braverman, LLP, complaining of the Defendant SLF TRANSPORTATION LLC ("SLF" or "Defendant") hereby allege as follows:

## NATURE OF THE ACTION AND JURISDICTION

1.　This is a civil action brought against the Defendant pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132(a)(3), 1132(e)(1), 1132(f), 1145; and the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185(a), by employee welfare and pension benefit funds.

2.　This action seeks to recover, inter alia, delinquent health, welfare and pension contributions which are owed to the Funds by Defendant SLF pursuant to an audit conducted of the corporate books and records of Defendant SLF for the period of January 1, 2012 through December 31, 2016 in the cumulative amount of $593,111.97, as well as delinquent health, welfare and pension contributions which are owed to the Funds by Defendant SLF for the

months of January 2017 through February 2018 in the estimated cumulative amount of $160,798.94.

3. Jurisdiction of this Court is invoked under the following statutes:

   a) ERISA, in sections codified as 29 U.S.C. §§ 1104(a)(1), 1109(a), 1132(e)(1), 1132(f) and 1145;

   b) LMRA, in section codified as 29 U.S.C. § 185(a);

   c) 28 U.S.C. § 1331 (federal question); and

   d) 28 U.S.C. § 1337 (civil actions arising under Act of Congress regulating commerce).

## VENUE

4. Venue properly lies in this district pursuant to section 502(e)(2) of ERISA (29 U.S.C. § 1132(e)(2)). Service of process may be made on Defendant SLF in any other district in which it may be found, pursuant to section 502(e)(2) of ERISA (29 U.S.C. §1132(e)(2)).

## THE PARTIES

5. At all relevant times, Plaintiffs, the Trustees of the United Teamster Fund, have administered the United Teamster Fund (the "Welfare Fund").

6. The Welfare Fund was established in 1949 by Declarations of Trust, which have been amended from time to time (the "Trust Agreements").

7. At all relevant times, Plaintiffs, the Trustees of the United Teamster Pension Fund "A," have administered the United Teamster Pension Fund "A" (the "Pension Fund").

8. The Pension Fund was established in 1957 by Trust Agreements which have been amended from time to time.

9. The Welfare Fund and the Pension Fund are referred to collectively herein as the "Funds."

2

10. The Funds are "employee benefit plans" established pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), within the meanings of Sections 3(1), 3(2), and 3(3), and 502(d)(1) of the ERISA, 29 U.S.C. §§ 1002(1), 1002(2), 1002(3) and 1132(d)(1) and are multi-employer plans within the meaning of sections 3(37) and 515 of ERISA (29 U.S.C. §§ 1002(37) and 1145).

11. The principal place where the Funds are administered is 2137-2147 Utica Avenue, Brooklyn, New York, 11234.

12. The purpose of the Funds is to provide various fringe benefits to eligible employees on whose behalf employers contribute to the Funds, pursuant to collective bargaining agreements between employers and Local 202, International Brotherhood of Teamsters, AFL-CIO, (the "Union"). The Funds invest and maintain those monies, and distribute pension and health and welfare benefits to employees and to beneficiaries eligible to receive them pursuant to the Funds' plans.

13. Upon information and belief, Defendant SLF was at all relevant times a corporation duly organized under the laws of the State of New Jersey, with its principal place of business located at 344 Tiffany Street, Bronx, New York 10474.

## FACTS

14. At all relevant times, Defendant SLF has been a party to a collective bargaining agreement with the Union (the "CBA") which covers inter alia, the wages, terms, and conditions of employment for its employees who are working in covered employment.

15. Pursuant to the CBA, the Trust Agreements and ERISA, at all relevant times Defendant SLF was obligated to remit monthly health and welfare and pension contributions and reports to the Funds on behalf of all of its employees working in covered employment.

3

16. Pursuant to the CBA, at all relevant times, Defendant SLF was similarly obligated to submit monthly contribution reports to the Funds describing the hours and days worked by each of its employees working in covered employment.

17. Pursuant to the CBA, the Trust Agreements and ERISA, Defendant SLF is obligated to allow the Funds, by their respective representatives, to examine the pertinent employment and payroll records of Defendant SLF, whenever such examination is deemed necessary or advisable by the Plaintiffs in connection with the proper administration of the Funds

The 2012-2016 Audit

18. In or around August 2017, the Funds, by their outside auditors, conducted an audit of the corporate books and records of Defendant SLF for the period of January 1, 2012 through December 31, 2016 (collectively the "2012-2016 Audit").

19. Pursuant to the 2012-2016 Audit, the Funds determined that SLF owes $440,714.11 to the Welfare Fund and $152,397.86 to the Pension Fund in the cumulative amount of $593,111.97.

20. By letters dated about August 29, 2017 and November 21, 2017, the Funds provided Defendant SLF with copies of the 2012-2016 Audit and demanded payment of the amounts due pursuant to the 2012-2016 Audit.

21. Despite being duly demanded, Defendant SLF has failed to remit payment to the Funds pursuant to the 2012-2016 Audit.

The Unaudited Period

22. By letter dated February 20, 2018, the Funds (by their attorneys) informed SLF that, in addition to the 2012-2016 Audit, SLF had also failed to remit its required health, welfare and pension contributions and reports to the Funds on behalf of its employees working in

covered employment for the months of January 2017 through February 2018 (the "Unaudited Period").

23. Specifically, SLF has failed to remit its contributions for the Unaudited Period to the Welfare Fund in the estimated amount of $103,261.34 and to the Pension Fund in the estimated amount of $57,537.60, for a cumulative amount of $160,798.94 due and owing by SLF to the Funds for the Unaudited Period.

24. Despite being duly demanded, Defendant SLF has failed to remit payment to the Funds for the Unaudited Period.

The 2012-2016 Audit and the Unaudited Period

25. Based upon the foregoing, SLF owes the estimated cumulative amount of $753,910.91 to the Funds pursuant to the 2012-2016 Audit and the Unaudited Period.

26. By willfully failing to remit its health, welfare, and pension contributions and reports to the Funds, Defendant SLF has violated the terms of the CBA, the Trust Agreements and ERISA.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT SLF- VIOLATIONS OF CBA, TRUST AGREEMENTS, AND PROVISIONS OF ERISA

27. Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 26 of the Complaint, as if fully set forth herein.

28. Defendant SLF has failed to remit the required health, welfare and pension contributions pursuant to the 2012-2016 Audit and the for the Unaudited Period in the estimated cumulative amount of $753,910.91.

29. Said failure and refusal by Defendant SLF to report and make contributions for its employees constitutes a violation of Defendant SLF's obligations pursuant to the CBA and

the Trust Agreements, and is a violation of the provisions of ERISA and the LMRA. Plaintiffs seek enforcement of those provisions pursuant to Sections 502(a)(3)(b)(ii) and 515 of ERISA, 29 U.S.C. § 1132(a)(3)(b)(ii) and 29 U.S.C. § 1145, and Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

30. Although payment has been duly demanded, Defendant SLF has failed and refused to pay contributions to the Funds as they become due, and it is anticipated that the delinquency will grow during the pendency of this action due to SLF's failure to timely remit contributions to the Funds as they become due.

31. As a result of Defendant SLF's violations of the CBA, the Trust Agreements, and ERISA, the Funds may be required to deny benefits provided under the Funds' benefit plans to employees of Defendant SLF working in covered employment for whom contributions have not been made, thereby causing said employee beneficiaries substantial and irreparable damage.

32. Furthermore, the Funds may be required to provide said employee beneficiaries with benefits, notwithstanding Defendant SLF's failure to make its required contributions, thereby reducing the corpus of the Funds and endangering the rights of the employee beneficiaries on whose behalf contributions are properly being made, all to their substantial and irreparable injury.

33. The Trust Agreements, referred to above, and ERISA provide for the assessment of liquidated damages as well as interest in the unpaid contributions, plus the expenses incurred by the Trustees arising out of the collection of such delinquent contributions, including attorneys' fees and filing fees.

34. By reason of the foregoing, Plaintiffs have been damaged by Defendant SLF and Defendant SLF is liable to Plaintiffs for: (1) the delinquent health, welfare and pension contributions owed pursuant to the 2012-2016 Audit in the cumulative amount of $593,111.97; (2) delinquent contributions for the Unaudited Period in the estimated amount of $160,798.94; (3) statutory interest under ERISA on the unpaid contributions; (4) liquidated damages at the rate of interest on the unpaid contributions, or twenty (20%) percent of all of the unpaid contributions, whichever is greater; and (5) reasonable attorneys' fees, audit fees and the costs of this action.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiffs respectfully request Judgment against Defendant as follows:

**ON THE FIRST CAUSE OF ACTION**, that the Court:

a) Award judgment in favor of Plaintiffs and against Defendant SLF for the delinquent health, welfare and pension contributions owed pursuant to the 2012-2016 Audit in the cumulative amount of $593,111.97 for delinquent health, welfare and pension contributions for the Unaudited Period in the estimated amount of $160,798.94;

b) Award statutory interest on the unpaid contributions;

c) Award liquidated damages at the rate of interest on the unpaid contributions, or 20% of all of the unpaid contributions, whichever is greater; and

d) Award Plaintiffs reasonable attorneys' fees, accounting fees, and the cost of this action.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury in this action.

Dated: New York, New York
       March 12, 2018

                                           DEALY SILBERSTEIN &
                                           BRAVERMAN, LLP

By: _____
       Marc D. Braverman
*Attorneys for Plaintiffs Trustees of the*
*United Teamster Fund and the Trustees of*
*the United Teamster Pension Fund "A"*
225 Broadway, Suite 1405
New York, New York 10007-3001
(212) 385-0066